UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.:

HECTOR ROSA,

        Plaintiff,

vs.

SRG OCOEE, LLC,

        Defendant.
_____/

**PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, HECTOR ROSA, ("Mr. Rosa"), by and through undersigned counsel, and hereby files his Complaint and Demand for Jury Trial against SRG OCOEE, LLC ("SRG"), and states as follows:

## I.  INTRODUCTION

1. This is an action under the Federal Fair Labor Standards Act, (hereinafter "FLSA"), for failure to pay overtime wages in violation of the FLSA, as amended, 29 U.S.C. § 201, *et. seq.*

2. This lawsuit is not dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others, in this case- SRG. Those are the rights that Congress has specially legislated to protect in the FLSA.

1

3. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and wellbeing but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay.

4. SRG utilized its unequal bargaining power to render defenseless Mr. Rosa against the denial of the living wage he is entitled to receive and protected by 29 U.S.C. § 207.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III. FACTUAL ALLEGATIONS

7. SRG is a Florida limited liability company.

8. SRG owns and operates restaurant locations in Florida to include Ocoee, Florida.

9. SRG employed Mr. Rosa to perform work and/or repairs on properties and businesses owned by SRG and its affiliated companies.

10. SRG has engaged in unfair labor practices.

11. In order to perform such repairs, SRG employed Mr. Rosa as a maintenance worker.

12. Mr. Rosa was employed by SRG as a maintenance worker to perform manual labor in its properties in Orange, Osceola, Seminole, Lake, and Duval County, Florida.

13. As a maintenance worker, Mr. Rosa's job duties included but were not limited to, making repairs on the properties, equipment and businesses of SRG and affiliated companies.

14. Mr. Rosa was employed by SRG from approximately July 2022 to September 2022.

15. Mr. Rosa was legally authorized to be employed by SRG throughout his employment.

16. At all times relevant to their employment, Mr. Rosa regularly used the instrumentalities of interstate commerce while performing his work.

17. At all times relevant to his employment, Mr. Rosa also regularly used the channels of commerce while performing his work.

18. SRG is an "employer" as defined by 29 U.S.C. § 203(d).

19. SRG has employees subject to the provisions of the FLSA at its Ocoee, Florida location where Mr. Rosa was employed.

20. SRG has employed two or more persons, including Mr. Rosa, engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person, such as mechanical supplies, mechanical equipment, and telephones that were manufactured and assembled outside the state of Florida.

21. Mr. Rosa avers based on information and belief that at all times relevant to the violations of the FLSA Defendant, SRG was an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

22. Mr. Rosa worked overtime in numerous workweeks and did not receive proper overtime pay.

23. SRG had knowledge that Mr. Rosa was working overtime without proper compensation.

24. SRG failed to make a good faith effort to determine if Mr. Rosa was being compensated appropriately pursuant to the FLSA.

25. SRG has failed to maintain and keep accurate time records as required by the FLSA. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

26. SRG also failed to post the required notice pursuant to the FLSA.

27. Mr. Rosa has retained LaBar & Adams, P.A. to represent him and has agreed to pay said firm a reasonable attorney's fee for its services.

### COUNT I
### PLAINTIFF, HECTOR ROSA'S CLAIM FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

28. Plaintiff, Mr. Rosa, re-alleges and incorporates herein the allegations contained in paragraphs 1,5-27 above.

29. Mr. Rosa was employed as a maintenance worker by SRG from approximately July 2022 to September 2022.

30. From approximately July 2022 to September 2022, SRG repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Rosa at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours. Specifically, Mr. Rosa worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

31. SRG willfully failed to maintain and keep accurate time records as required by the FLSA.

32. SRG failed to post the required notice pursuant to the FLSA.

WHEREFORE, Mr. Rosa demands a judgment against SRG for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Rosa demands a jury trial on all issues contained in Count I.

Dated: January 26, 2023

Respectfully submitted,

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile