## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

HECTOR ROSA,

        Plaintiff,

    v.

SRG OCOEE, LLC,

        Defendant.

Case No. 6:23-cv-139-RBD-RMN

## REPORT AND RECOMMENDATION

This cause comes on for consideration without oral argument on Plaintiff's Motion for Entry of Final Default Judgment Against Defendant SRG Ocoee, LLC (Dkt. 17), filed March 27, 2023. Upon consideration, it is respectfully recommended that Plaintiff's Motion be granted.

## I.  BACKGROUND

On January 26, 2023, Plaintiff filed a single-count Complaint against Defendant for a violation of the overtime provision of the Fair Labor Standards Act ("FLSA"). Dkt. 1. Defendant SRG Ocoee, LLC ("SRG"), was served with the Complaint on January 30, 2023, and failed to timely respond. Dkt. 12. As a result, the Clerk of Court entered default on March 24, 2023. Dkt. 16. Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff now moves for entry of final default judgment. Dkt. 17. The matter is ripe for review.

## II.   LEGAL STANADRDS

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the Plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] If default judgment is warranted, then the court must next consider whether the Plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

## III.   ANALYSIS

### A.    Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a federal question. This Court has

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

personal jurisdiction over SRG Ocoee, LLC, a Florida LLC doing business in the state of Florida. Fla. Stat. § 48.193.

### B.    The Entry of Default

Plaintiff properly served Defendant SRG by serving Sarah Cirullo, an employee of the registered agent, on February 1, 2023. *See* Dkt. 12; Fed. R. Civ. P. 4(h)(1); Fla. Stat. § 48.062. Defendant failed to appear, and no responsive pleading was ever filed. The Clerk of Court entered Clerk's Default on March 24, 2023. Dkt. 16.

### C.    Liability

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To state a claim for unpaid overtime wages under the FLSA, a plaintiff must allege sufficient facts to show that (1) the defendant employed him; (2) either the defendant constitutes an enterprise engaged in interstate commerce to qualify for "enterprise coverage," or the FLSA covers the plaintiff through "individual coverage"; (3) the plaintiff worked in excess of a 40-hour work week; (4) the defendant failed to pay overtime wages owed to the plaintiff. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 b.68 (11th Cir. 2008); *Sims v. UNATION, LLC*, 292 F.

Supp. 3d 1286, 1292 (M.D. Fla. 2018). Subject to exceptions not applicable here, the FLSA defines "employee" as "any individual employed by an employer," and "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §§ 203(e)(1), (d).

Plaintiff's allegations sufficiently state that he was employed by SRG as a maintenance worker from about July 2022 to September 2022. Dkt. 1 at ¶¶ 9, 11, 12, 14, 29. Plaintiff alleges that SRG was his employer. *Id.* at ¶¶ 14, 18–20. The Complaint also adequately alleges that the FLSA "covers" him through "enterprise coverage." *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006).[2] Plaintiff states that SRG employed two or more people and engaged in commerce or the production of goods for commerce, or has employees engaging in handling, selling, or otherwise working on goods moved in or produced for commerce. Dkt. 1 at ¶ 20. These factual allegations

---

[2] The FLSA defines "an enterprise engaged in commerce or in the production of goods for commerce" in relevant part, as an enterprise that

(i)     has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii)    is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(i)(A)(i)–(ii).

are sufficient to support enterprise coverage. And finally, Plaintiff declares that he worked in excess of 40 hours per work week and that Defendant failed to compensate him at a rate of time and one-half his regular pay for overtime work. *Id.* at ¶¶ 22–25, 30.

Plaintiff has thus sufficiently alleged that SRG is liable for overtime-wage violations under the FLSA.

### D.    Wages and Liquidated Damages

Pursuant to the FLSA, any employer who violates the overtime wage provisions is liable to the employee in the amount of the employee's unpaid overtime compensation and an equal amount as liquidated damages. 29 U.S.C. § 216(b). Employees bear the burden of proving they performed work for which they were not properly compensated. *Saphos v. Grosse Pointe Dev. Co., Inc.*, No. 6:06-cv-257, 2008 WL 976839, at *3 (M.D. Fla. Apr. 9, 2008). When the employer's records are inaccurate or inadequate—or in this case unavailable—an employee carries this burden by producing "sufficient evidence to show the amount and extent of that works as a matter of just and reasonable inference." *Id*. Upon such a showing, the "burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence of the precise amount of reasonableness of the inference to be drawn from the employee's evidence." *Id*. Courts analyzing motions for default judgment employ this standard in reviewing a plaintiff's

claimed damages. *See, e.g., Hammonds v. Age Mgmt. & Optimal Wellness, Inc.*, No. 8:16-cv-429, 2017 WL 10276703, at \*3 (M.D. Fla. Feb. 6, 2017); *Onofre v. Higgins AG, LLC*, No. 8:21-cv-311, 2021 WL 6498121, at \*2 (M.D. Fla. Dec. 29, 2021), *report and recommendation adopted*, 8:21-cv-311, 2022 WL 138096, at \*1 (M.D. Fla. Jan. 14, 2022).

Plaintiff provides sufficient evidence for his claimed damages. He alleges that SRG "willfully failed to maintain and keep accurate time records as required by the FLSA," and "did not have a time clock or otherwise track the time [he] was working." Dkt. 1, at ¶ 31; Dkt. 17-1 at ¶ 7. In support of his Motion for Default Judgment, Plaintiff provides an affidavit that shows the amount and extent of his work as a matter of just and reasonable inference. The affidavit indicates that he worked nine 9 weeks where he was not properly compensated for overtime work performed for SRG. Dkt. 17-1 at ¶ 9. Specifically, Plaintiff estimates that he worked 60 hours total in each of the above-stated 9 weeks and is entitled to 180 hours of unpaid overtimes wages. *Id.* at ¶¶ 9–14. Plaintiff therefore believes he is owed compensation at the rate of one and one-half his regular rate of pay for the 180 hours, totaling $2,019.60 in unpaid overtimes wages. *Id.* at ¶¶ 15–16. Plaintiff seeks this amount in damages.

Plaintiff's affidavit (Dkt. 17-1) is sufficient evidence to demonstrate the amount and extent of his work as a matter of just and reasonable inference.

- 6 -

Defendant has not produced evidence or otherwise controverted such evidence in response. Thus, Plaintiff is entitled to the undisputed amount of $2,019.60 in overtime compensation.

Plaintiff additionally seeks $2,019.60 in liquidated damages. Dkt. 1 at 6. He alleges that Defendant's failure to pay him the requisite overtime pay was intentional and willful. Dkt. 1 at ¶¶ 22–25; 31. As explained above, any employer who violates the overtime wage provisions of the FLSA, 29 U.S.C. § 207, shall be liable to the affected employee in the amount of the unpaid overtime wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). liquidated damages under the FLSA are "compensatory in nature." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000). "An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds." *Hammonds*, 2017 WL 10276703, at *4 (citing *Joiner v. City of Macon*, 814 F.2d 1537, 1538 (11th Cir. 1987)). In fact, liquidated damages for overtime wage claims under the FLSA are "mandatory absent a showing of good faith." *Joiner*, 814 F.2d at 1539.

Plaintiff sufficiently alleges that Defendant violated section 207. As discussed above, Plaintiff establishes that he is entitled to $2,019.60 in overtime compensation. Defendant has not established that the FLSA violation

was in good faith or that liquidated damages are not warranted. *See, e.g.*, *Maldonado v. Stoneworks of Manatee, LLC*, No. 8:17-cv-60, 2020 WL 10486667, at *1 (M.D. Fla. Jan. 27, 2020) (explaining that the defendant's failure to respond to the complaint constituted a failure to show good faith); *Sawicki v. Anauel Catering Corp.*, No. 12-22402, 2017 WL 7796308, at *2 (S.D. Fla. Nov. 6, 2017) (same). Plaintiff is therefore entitled to liquidated damages in the amount of $2,019.60.

In sum, Plaintiff is entitled to $4,039.20 in damages: $2,019.60 in unpaid overtime compensation, and $2,019.60 in liquidated damages.

### E.   Attorney's Fees and Costs

Pursuant to the FLSA, a court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(B). Courts use the federal lodestar approach in determining reasonable attorneys' fees under the FLSA. *See Walker v. Iron Sushi, LLC*, 752 F. App'x 910, 913 (11th Cir. 2018).[3] To calculate a reasonable award of attorneys' fees, courts multiple the number of hours reasonably expended by a reasonably hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Norman v. Housing Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar

---

[3] Although *Walker* is unpublished and therefore non-binding, the opinion provides guidance and persuasive reasoning. *See* 11th Cir. R. 32.1(d).

services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299. "Market rate" is the hourly rate charged in the local legal market by an attorney with experience in this area of law who would be willing and able to take the case. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing that the requested rate tracks the prevailing market rate. *Norman*, 836 F.2d at 1299. Satisfactory evidence, at a minimum, must consist of "more than the affidavit of the attorney performing the work" and "must speak to rates actually billed and paid in similar lawsuits." *Id.*

Here, counsel has stated that they have expended 17.2 hours (split between attorney Scott C. Adams and paralegal Judy Cane) working on this this action. Dkt. 17-2 at ¶¶17, 19. Counsel has provided the undersigned with timesheets indicating that Adams and Cane each billed for work such as drafting the complaint, calculating damages, drafting motions, preparing affidavits, and discussing the action with his client. *Id.* at 14–16.[4] No charge appears excessive, redundant, or otherwise unnecessary. The undersigned therefore finds the time spent on this matter is reasonable.

---

[4] This district "has awarded and encouraged attorney's use of paralegals for certain routine tasks in FLSA cases in the past, and such time is generally recoverable, especially in the typical FLSA case such as this one." *Satterfield v. CFI Sales & Mktg., Inc.*, No. 6:09-cv-1827, 2013 WL 2455961, at *8 (M.D. Fla. June 6, 2013).

Next, Adams seeks an hourly rate of $325, while Cane seeks a rate of $105. Dkt. 17 at 11–14. The affidavit in support of Plaintiff's Motion states that Adams has been a practicing lawyer for over 21 years and has almost exclusively practiced employment law since 2003. Dkt. 17-2, at ¶¶ 4, 6, 7. Adams has represented over 300 employees in lawsuits against their employers and has been lead trial counsel on several multi-plaintiff cases brought as collective actions under the FLSA. *Id.* at ¶ 12. He bills his current paying clients at $350 per hour and has been awarded $325 per hour by courts in the Middle District for his time spent on FLSA cases. *Id.* at ¶ 14; *see, e.g.*, *Reese v. Fl. BC Holdings, LLC*; No. 17-cv-1574 (M.D. Fla. Aug. 27, 2020). The undersigned agrees that $325 is a reasonable hourly rate for Adams' services, especially in view of the higher rates awarded to attorneys in other FLSA cases in this district with similar levels of experience. *See, e.g.*, *Lopez v. City Buffet Inc.*, No. 6:19-cv-1151, 2022 WL 783829, at *1 (M.D. Fla. Jan. 7, 2022) (finding that $400 per hour reasonable); *see also Raymond v. Buffalo City Bar & Grill, Inc.*, No. 8:18-cv-1619, 2018 WL 4924351, at *2 (M.D. Fla. Oct. 10, 2018) (approving $400 hourly rate in an FLSA case resulting in default judgment); *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296, 2019 WL 2931469, at *7 (M.D. Fla. June 19, 2019), *report and recommendation adopted*, No. 8:19-cv-296, 2019 WL 2929325 (M.D. Fla. July 8, 2019) (approving $400 per hour in an FLSA case resulting in default judgment for an attorney with 20 years of practice).

Cane has worked as a paralegal for over 23 years. Dkt. 17-2 at ¶ 16. She has extensive experience in both state and federal court litigation and has been lead paralegal on over 150 employment law cases filed in the Middle District since 2007. *Id.* She has been awarded $105 per hour previously in the Middle District. *Reese v. Fl. BC Holdings, LLC*; No. 17-cv-1574 (M.D. Fla. Aug. 27, 2020). The undersigned agrees that $105 is a reasonable hourly rate for her services. *See, e.g.*, *Scatterfield*, 2013 WL 2455961, at *10 (granting $105 hourly rate for a "senior paralegal" on an FLSA matter); *see also Perez v. Margaritas V&P, Inc.*, No. CCC, 2023 WL 2696182, at *5 (M.D. Fla. Mar. 14, 2023) (granting $125 hourly rate in FLSA matter for paralegal with seven years of experience).

Plaintiff is therefore entitled to an award of $3,984.00 in attorney's fees, which is Adams' hourly rate of $325 multiplied by the 9.9 total hours he worked on the matter plus Cane's rate of $105 multiplied by the 7.3 total hours she worked on the matter. *See* Dkt. 17-2 at 6.

Additionally, as the prevailing party, Plaintiff is entitled to an award of costs. He seeks $442.00 in costs, which represents a $402.00 filing fee plus $40.00 service of process fee. Dkt. 17 at 14. Both costs are recoverable under 28 U.S.C. § 1920.

Finally, I recommend awarding Plaintiff post-judgment interest, even though it was not requested in his Motion, because it is mandated by statute.

*See* 28 U.S.C. § 1961(a) ("Interest shall be awarded on any money judgment in a civil case recovered in a district court."); *Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-cv-952, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) (stating that the plaintiff's failure to request post-judgment interest did not preclude a post-judgment interest award because of the mandatory nature of such an award), *report and recommendation adopted*, No. 6:16-cv-952, 2017 WL 11025405, at *1 (M.D. Fla. Jan. 4, 2017).

In sum, I conclude that Plaintiff is entitled to an award of $3,984.00 in attorneys' fees, $442.00 in costs, and post-judgment interest.

## IV.   CONCLUSION

Upon consideration, it is respectfully **RECOMMENDED**:

1.   Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 17) should be **GRANTED**;

2.   The Clerk should be **directed** to enter default judgment in favor of Plaintiff and against Defendant SRG Ocoee, LLC;

3.   The Court should award Plaintiff $4,039.20 in damages: $2,019.60 in unpaid overtime compensation and $2,019.60 in liquidated damages;

4.   The Court should grant Plaintiff $3,984.00 in attorney's fees, $442.00 in costs, and post-judgment interest; and

5. Once judgment is entered, the Court should **direct** the Clerk to close this case.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on June 22, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Hon. Roy B. Dalton, Jr.

Counsel of Record